# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| KIMBERELY J. NEUZIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:12-CV-00034 |
| v. ) | Judge Nixon/Brown |
| ) | |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

To: The Honorable John T. Nixon, Senior United States District Judge

## REPORT AND RECOMMENDATION

This action was brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of the final decision of the Social Security Administration (SSA), through its Commissioner ("the Commissioner"), denying plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 416(i), 423(d), and Supplemental Security Income (SSI) under Title XVI of the Act, 42 U.S.C. § 1382, 1382c. For the reasons explained herein, the undersigned **RECOMMENDS** that plaintiff's motion for judgment on the record (DE 7) be **DENIED**, and the Commissioner's decision be **AFFIRMED**.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed an application for DIB and SSI on March 19, 2008, claiming that she had been disabled since August 1, 2005. (DE 5, pp. 121-34) Plaintiff subsequently amended her applications claiming that she had been disabled since February 4, 2008. (DE 5, p. 205) The SSA denied plaintiffs applications on September 12, 2008 (DE 5, pp. 60-63), and again upon reconsideration on February 12, 2009 (DE 5, pp. 67-68, 70-71).

Plaintiff through counsel requested a hearing before an Administrative Law Judge (ALJ) on

April 7, 2009. (DE 5, p. 73) The hearing was held on May 14, 2010 before ALJ Frank Letchworth. (DE 5, p. 81) Although plaintiff's counsel appeared at the hearing, plaintiff did not. (DE 5, pp. 30, 110-14) The ALJ conducted the hearing in plaintiff's absence, ordering thereafter that she show cause for her failure to appear. (DE 5, pp. 28-37, 110-14) Plaintiff responded to the ALJ's show-cause order on June 22, 2010. (DE 5, 115-16)

The ALJ issued his decision denying plaintiff's applications for benefits on August 11, 2010. (DE 5, pp. 7-27) Plaintiff filed a request for the Appeals Council to review the ALJ's decision on August 23, 2010. (DE 5, pp. 118-20) The Appeals Council denied plaintiff's request for review on February 24, 2012 (DE 5, 1-6), at which time the ALJ's decision became the Commissioner's final decision.

Plaintiff brought this action on April 25, 2012 seeking judicial review of the Commissioner's decision. (DE 1) Thereafter, plaintiff filed a motion for judgment on the administrative record on July 12, 2012 (DE 7), to which the Commissioner filed a response on August 10, 2012 (DE 8), and plaintiff replied on August 30, 2012 (DE 9). This matter is properly before the court.

## II. Review of the Record

Plaintiff sets forth the following three claims in this action: 1) the ALJ failed to afford plaintiff a full and fair hearing; 2) the ALJ did not rule that plaintiff was a non-essential witness; 3) the ALJ failed to develop the record fully by not having a medical expert available to testify at the hearing. Plaintiff's claims all are procedural in nature, and couched in the context of due process. Absent the procedural due process issue, plaintiff makes no claim that the ALJ committed any substantive error. Therefore, the Magistrate Judge has not reviewed the record for substantive error. The summary of the record below is tailored accordingly.

## A. Relevant Documentary Evidence

Plaintiff requested a hearing before the ALJ on April 7, 2009. (DE 5, p. 73) Plaintiff's address on the request was "2400 FREE HILL RD, NUMBER 41, COOKEVILLE, TN 38501."

The hearing acknowledgment letter dated April 16, 2009, was sent to counsel with a copy to plaintiff at "Number 41, 2400 Free Hill Rd, Cookeville, TN 38501." (DE 5, pp. 74-77) Plaintiff and counsel were advised that the SSA would "mail a Notice of Hearing to you and your client at least 20 days before the date of the hearing to tell you its time and place." (DE 5, pp. 74, 76)

The Notice of Hearing dated April 9, 2010 was sent to plaintiff at "Number 41, 2400 Free Hill Rd, Cookeville, TN 38501" with a copy to counsel. (DE 5, pp. 81-85) The hearing was set for 10:30 a.m. on Friday, May 14, 2010 at 813 W. Jackson St., Cookeville, TN 38501. (DE 5, pp. 81, 87. 94, 102) The Notice of Hearing also provided an address and telephone number in the event plaintiff or counsel had any questions about the hearing.[1] (DE 5, pp. 85, 91, 102)

The hearing was held on May 14, 2010 per the Notice of Hearing. (DE 5, pp. 28-37) As already established, plaintiff did not appear at the hearing.

A "Notice to Show Cause for Failure to Appear" dated June 3, 2010 was mailed to plaintiff at "Number 41, 2400 Free Hill Road, Cookeville, TN 38501" with a copy to counsel. (DE 5, pp. 110-14) Counsel submitted a response to the show-cause notice dated June 22, 2011, with the following enclosed note from plaintiff to counsel quoted below:[2]

> To David Downdrd
> I left home 2 hours early the day in question.
> It may have been my fault because I wrote down the address as 913 West Jackson St.

---

[1] The forms acknowledging the Notice of Hearing are not in the administrative record. Plaintiff does not raise an issue pertaining to the fact that the forms are not in the administrative record.

[2] Unnecessary and incorrect capitalizations have been omitted for ease of reading.

3

> We stopped several times asking people for directions and were told there was no such address.
> We finally stoped at the Socail Security Office and talked to the security gard And he called the cort and told me someone had been there and had left.
> I felt so defeted when I herd you had left.
> The cort I went to the first time was at the main post office And my driver did not know it was on Jackson St. and we do not know any thing thats on Jackson St and had no Idea were this was at[.]
> I am so sorry for this mistake.

(DE 5, p. 116) The return address on the envelope in which the note above was mailed to counsel reflects the following return address: "2400 Freehill Rd Lot 41, Cookeville, TN 38501."[3] (DE 5, p. 117)

### B. Relevant Evidence From the Hearing

The hearing was held on May 14, 2010. (DE 5, pp. 28-37) As already established, plaintiff did not appear. (DE 5, p. 30) Plaintiff's counsel, Mr. William Taylor, did appear. (DE 5, p. 30) The following exchange occurred between the ALJ and counsel prior to beginning the hearing in plaintiff's absence:

> ALJ: . . . . The time is 11:45. The date is May the 14th, 2010. The hearing was set for 10:30, and Ms. Neuzil is not present at this time. However, her attorney, Mr. William Taylor is. Welcome, Mr. Taylor.
>
> . . .
>
> ALJ: Do you – before the hearing, you said you don't know where Ms. Neuzil is?
>
> ATTY: Your Honor, please, I talked with her yesterday. She called our office this past week about four times. She was excited about the hearing. I talked

---

[3] Although there are slight variations in plaintiff's address, plaintiff does not claim, nor can it be gleaned from any of the documents in the record that plaintiff did not receive each of the documents referred to above.

4

> with her yesterday afternoon. She indicated to me that she had received our MapQuest directions from her house to the location. I gave her the location's address and gave her some directions myself, and I tried to call her twice this morning, could not get a hold of her.
>
> ALJ:   Is she now at number 412400 Free Hill Road, Cookeville?
>
> ATTY:  Yes, sir.
>
> ALJ:   All right. We will send Ms. Neuzil a notice to show cause and we will proceed as we receive or fail to receive a response therefrom.

(DE 5, pp. 30-31) Before proceeding with the hearing, the ALJ asked counsel, "do you have any objections?" (DE 5, p. 31) Counsel replied, "No, Your Honor, I do not." (DE 5, p. 31)

The ALJ proceeded to question the Vocational Expert (VE), Mr. Edward Smith, following the preliminaries above. The ALJ posed a hypothetical to the VE, upon which the ALJ added additional restrictions incrementally, in response to which the VE testified as to the type of work a person with plaintiff's limitations could perform, and the number of those positions available both locally and nationally. (DE 5, pp. 32-35)

Counsel questioned the VE following the ALJ's questioning. (DE 5, pp. 35-36) The VE declined, however, to respond to counsel's question pertaining to plaintiff's Global Assessment of Functioning (GAF) scores in the record with respect to which the following exchange occurred:

> Q     Are you familiar with GAF scores?
>
> A     I am.
>
> Q     Individual had a GAF score – consistent GAF score of 45, would that preclude employment?
>
> A     I am familiar with the scores, but it's my experience that it's not my area of expertise, and I defer that

> issue to be addressed by a psychologist or a psychiatrist. I don't think it's appropriate for vocational experts to be addressing that, so I won't do it.

(DE 5, p. 36) At the conclusion of counsel's questioning, the ALJ noted again, "we've addressed the claimant's address. We will be sending her a notice to show cause." (DE 5, p. 36)

### C. Relevant Evidence from the ALJ's Notice of Decision

The ALJ entered his decision denying plaintiff's applications for benefits on August 11, 2010. The ALJ wrote the following in his decision with respect to plaintiff's failure to attend the hearing:

> As noted in the *Procedural History* above, the claimant failed to appear at the hearing scheduled for May 14, 2010 at 10:30AM (CT) in Cookeville, Tennessee; however, the undersigned does not find the claimant's response to the *Notice to Show Cause for Failure to Appear* particularly convincing (Exhibit BI8B). While the claimant asserted that she left her home for the hearing *two hours early,* the undersigned notes that **the claimant's home is also in Cookeville, Tennessee, and, based on data available via the Internet, is less than five miles from the hearing site**. The claimant also incredibly asserted that no one even near the hearing site address, 913 Jackson Street, was able to direct her, despite the fact that the surrounding area is quite commercialized, including a gas station one or two blocks away. The undersigned finds that it simply strains credulity that *no one* could have pointed the claimant in the right direction. In fact, the claimant's own attorney, Mr. Taylor, averred at the hearing that he had spoken with the claimant the day before the hearing and that she had confirmed that she had received the MapQuest directions sent from his office directing her from her house to the hearing location. He also indicated that he himself had also supplied the claimant with further directions to the hearing site, and that he had tried to call her twice on the morning of the hearing without success. The evidence of record fails to show the presence of a cognitive disorder that could reasonably be considered to have impeded the claimant in finding the hearing site. Accordingly, the undersigned does not accept the claimant's response for failure to appear.

6

(DE 5, pp. 16-17)

## III.  ANALYSIS

### A.  Standard of Review

The district court's review of the Commissioner's final decision is limited to determining whether the findings of fact are supported by substantial evidence in the record, and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003)(citing *Key v. Callahan* 109 F.3d 270, 273 (6th Cir. 1997)). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(quoting *Cutlip v. Sec'y of Health & Human Serv's.*, 25 F.3d 284, 286 (6th Cir. 1994)). The Commissioner's decision must stand if substantial evidence supports the conclusion reached, even if the evidence also could support a different conclusion. *Id.* (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)). In other words, if the ALJ's findings are supported by substantial evidence based on the Record as a whole, then those findings are conclusive "even if there is substantial evidence in the record that would have supported an opposite conclusion" " 42 U.S.C. §§ 405(g), 1383(c); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405-06 (6th Cir. 2009)(citing *Key*, 109 F.3d at 273).

### B.  Claims of Error

#### 1.  Whether the ALJ Failed to Afford Plaintiff a Full and Fair Hearing
(DE 7, Brief, ¶ A, pp. 4-5 )

Plaintiff argues that the ALJ denied her a full and fair hearing because the ALJ proceeded with the scheduled hearing in plaintiff's absence. (DE 7, Brief, ¶ A, pp. 4-5)  Plaintiff's claim comprises the following specific elements: 1) she did not "intentionally fail or refuse to attend her

scheduled hearing" (DE 7, p. 4); 2) she "establish[ed] good cause for her absence from the hearing and should have been afforded another hearing date" (DE 7, p. 4); 3) she 'ha[d] a right to be in attendance for the entire hearing" under the *Hearings, Appeals and Litigation Law Manual* (HALLEX)[4] I-2-6-60 (DE 7, p. 4); 4) taking testimony in her absence "destroyed her right to a complete factual hearing" (DE 7, p. 4); 5) she was "deprived of any opportunity to testify about her limitation . . . in particular her non-exertional limitation (DE 7, p. 4). Finally, plaintiff asserts that:

> [T]he concept of due process principles apply to SSA proceedings that due process requires that SSA disability claimants be given the opportunity to be heard before an ALJ before a claim for disability may be denied . . . [especially] . . . when the evidence on functional limits is stale."

(DE 7, p. 4)

In her reply brief, plaintiff provides the following additional arguments: 1) counsel's inability to "find" her on the day of the hearing does not "fit the requirement of being unable to 'find' the claimant" under HALLEX I-2-4-25(d) (DE 9, pp. 1-2); 2) HALLEX I-2-6-60, *Testimony of Claimants and Witnesses*, establishes that plaintiff and counsel have a right to be present for the entire hearing, and that the exceptions in HALLEX I-2-6-60(C) do not "relieve an ALJ from his duty to provide a full and fair hearing" (DE 9, p. 2); 3) plaintiff "made every attempt to find the hearing office (DE 9, p. 2); 4) the ALJ overlooked plaintiff's "severe mental impairments" in determining that she had not shown good cause for not being present at the hearing (DE 9, p. 2); 5) plaintiff's prior compliance, good cause for not attending the hearing, and history of severe mental problems support a finding that she did not intend to miss the hearing (DE 9, p. 3).

The foregoing individual arguments can be distilled into the following three basic arguments:

---

[4] "HALLEX" is the SSA's procedural manual that sets forth safeguards and procedures for administrative proceedings.

8

1) the ALJ erred in conducting the hearing in plaintiff's absence; 2) plaintiff established good cause for her failure to attend the hearing; 3) the ALJ failed to comply with SSA procedural requirements, thereby violating plaintiff's due process rights.

### a. Whether the ALJ Erred in Holding the Hearing in Plaintiff's Absence

Plaintiff argues that HALLEX I-2-6-60, *Testimony of Claimants and Witnesses*, controls under the circumstances of her case. Although HALLEX I-2-6-60 establishes the <u>basic</u> right of a claimant and counsel to be present for the "entire" hearing before the ALJ, that right is not absolute. Moreover, a plain reading of HALLEX I-2-6-60 shows that it applies only when the claimant attends the hearing. Here, of course, plaintiff did not. The consequences of failing to appear at the hearing are addressed in HALLEX I-2-4-25, *Dismissal Due to Claimant's Failure to Appear*.

When a claimant fails to appear at the scheduled hearing before the ALJ, HALLEX I-2-4-25(D)[5] instructs the ALJ to proceed with the hearing and, upon submission of "good cause" for

---

[5] HELLEX I-2-4-25(D) is quoted below in its entirety for ease of reference.

If an appointed representative appears at the scheduled hearing without the claimant and continues to represent the claimant during the hearing, dismissal is never appropriate. However, the ALJ may determine that the claimant has constructively waived the right to appear at the hearing if:
- the representative is unable to locate the claimant,
- the Notice of Hearing was mailed to the claimant's last known address, and
- the contact procedures required by 20 CFR 404.938 and 416.1438, as described in HALLEX I-2-3-20 C., have been followed.

If the claimant has constructively waived the right to appear at the hearing, the ALJ will not proceed with the hearing and will notify the representative he or she will issue a decision on the record.

In all other circumstances, the ALJ may choose to proceed with the hearing, accepting the testimony of the witnesses and allowing the appointed representative to question the witnesses and make arguments on the claimant's behalf. The ALJ will advise the appointed representative that a Request to Show Cause for Failure to Appear will be sent to the claimant to ask why he or she did not appear at the scheduled hearing and whether a supplemental hearing should be held. After the 10 day comment period expires (with an additional five days for mailing time), the ALJ will either:
- Determine that the claimant has constructively waived his or her right to appear for a hearing (if the claimant fails to respond to the notice or fails to show good cause for failure to appear at the scheduled hearing), and issue a decision on the record, or
- Offer the claimant a supplemental hearing to provide testimony if the claimant establishes good cause for failure to appear.

9

failure to appear, to determine whether a supplemental hearing should be held to allow the claimant to testify, or whether the claimant should be considered to have constructively waived her right to appear. *See Blanton v. Comm'r of Soc. Sec.*, 2004 WL 2320332 ** 1-2 (6th Cir. Sept. 20, 2004); *see also, Menchyk v. Astrue*, 2011 WL 7428803 * 9 (W.D. Pa. Dec. 13, 2011)(discussing "good cause" in the context of HALLEX I-2-4-25(D)). As the review of the relevant parts of the record shows, *supra* at pp. 4-5, counsel was unable to locate plaintiff on the day of the hearing,[6] the notice of hearing had been mailed to plaintiff's correct address and to counsel, and the contact procedures under 20 CFR 404.938 and 416.1438, *Notice of a Hearing Before an Administrative Law Judge*[7] were followed as "described" under HALLEX I-2-3-20C, *Acknowledgment of Notice of Hearing*.[8]

---

[6] Plaintiff asserts that counsel's statement, ""I tried to call her twice this morning, could not get a hold of her," does not satisfy the "find" requirement under HALLEX I-2-24-25(d). Plaintiff's claim is a naked allegation and, as such, it is conclusory. The courts to are not required to conjure up unpled facts to salvage conclusory claims. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)(citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

[7] 20 CFR §§ 404.938 and 416.1438 are quoted below for ease of reference:

(a) Issuing the notice. After the administrative law judge sets the time and place of the hearing, we will mail notice of the hearing to you at your last known address, or give the notice to you by personal service, unless you have indicated in writing that you do not wish to receive this notice. The notice will be mailed or served at least 20 days before the hearing.
(b) Notice information. The notice of hearing will contain a statement of the specific issues to be decided and tell you that you may designate a person to represent you during the proceedings. The notice will also contain an explanation of the procedures for requesting a change in the time or place of your hearing, a reminder that if you fail to appear at your scheduled hearing without good cause the ALJ may dismiss your hearing request, and other information about the scheduling and conduct of your hearing. You will also be told if your appearance or that of any other party or witness is scheduled to be made by video teleconferencing rather than in person. If we have scheduled you to appear at the hearing by video teleconferencing, the notice of hearing will tell you that the scheduled place for the hearing is a teleconferencing site and explain what it means to appear at your hearing by video teleconferencing. The notice will also tell you how you may let us know if you do not want to appear in this way and want, instead, to have your hearing at a time and place where you may appear in person before the ALJ.
(c) Acknowledging the notice of hearing. The notice of hearing will ask you to return a form to let us know that you received the notice. If you or your representative do not acknowledge receipt of the notice of hearing, we will attempt to contact you for an explanation. If you tell us that you did not receive the notice of hearing, an amended notice will be sent to you by certified mail. See § 404.936 for the procedures we will follow in deciding whether the time or place of your scheduled hearing will be changed if you do not respond to the notice of hearing.

[8] The relevant part of HALLEX I-2-3-20C is quoted below for ease of reference.

If the acknowledgment form is not returned within 7 days, send a written Reminder to Return Acknowledgment Form)

10

As previously noted, *supra* at p. 3 n. 1, the forms acknowledging the Notice of Hearing are not in the administrative record. However, plaintiff does not allege, nor can it be concluded from the administrative record, that she did not receive proper prior notice of the hearing.

Substantial evidence supports the conclusion that the ALJ's decision to conduct the hearing in plaintiff's absence was entirely proper under the applicable CFRs, case law, and written SSA procedures. Consequently, plaintiff's argument that the ALJ erred in proceeding with the hearing in her absence is without merit.

### b. Whether Plaintiff Established Good Cause for Her Failure to Attend the Hearing

As established, *supra* at pp. 5-6, the ALJ advised counsel at the hearing that a notice to show "good cause" would be sent to plaintiff to explain her failure to attend the hearing, and that such notice was, in fact, sent to plaintiff. Plaintiff's explanation why she failed to attend the hearing,

---

or telephone the claimant or representative (if any) and ask whether they plan to attend the hearing . . . .

1. Claimant or representative received the notice of hearing

   a    If the claimant or representative received the notice of hearing and plans to attend the scheduled hearing, ask them to return the HA-504 confirming their intentions.

   b    If the claimant or representative received the notice of hearing and does not plan to attend the scheduled hearing, but would like to attend a hearing at another time, consider whether there is good cause to postpone the hearing.

   • If the ALJ finds good cause and postpones the hearing, send a new Notice of Hearing and Form HA-504. (See <u>I-2-3-10 E.</u>, ALJ Finds Claimant Has "Good Cause" for Objecting To Time or Place Set for the Hearing.) To access letters to be used to find "good cause" to postpone or move the date and time of hearing, access DGS, click on "Prehearing" and then click on "PH-366-Good Cause Found" or "PH376 - Advisement of Postponement."

   • If the ALJ does not find good cause to postpone the hearing, notify the claimant and representative that the hearing will be held as scheduled, and that failure to attend may result in a dismissal. Include in this notice an explanation of the ALJ's reasons for not finding good cause, and document the file (i.e., retain a copy of any written notice or prepare and retain a report of contact of any oral notice). (See <u>I-2-4-25</u>, Dismissal Due to Claimant's Failure to Appear.).

11

attached to the formal response to the show cause notice, is quoted in its entirety, *supra* at pp. 3-4. The ALJ's treatment of the issue in his decision is quoted in its entirety, *supra* at p. 6.

HALLEX I-2-4-25(B) establishes that 20 CFR §§ 404.911 and 416.1411 control with respect to establishing good cause. The portions of 20 CFR §§ 404.911 and 416.1411 relevant to what constitutes "good cause" in this matter are quoted at n. 9 below.[9]

The record shows that no SSA action misled plaintiff as to the whereabouts of the hearing and that she clearly understood the requirement to attend the hearing. Plaintiff was not ill, there was not a death in her family, the SSA had not given her incorrect or incomplete information, she had received notice of the hearing, and there is nothing in her written explanation to counsel that would suggest that any physical, mental,[10] educational, or linguistic limitations caused her to miss the

---

[9] The portions of 20 CFR §§ 404.911 and 416.1411 relevant to what constitutes examples of "good cause" here are quoted below for ease of reference:

(a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider–
    (1)    What circumstances kept you from making the request on time;
    (2)    Whether our action misled you;
    (3    Whether you did not understand the requirements . . . and
    (4)    Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from [complying with the notice of hearing].
(b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:
    (1)    You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
    (2)    There as a death or serious illness in your immediate family.
    . . .
    (6)    We gave you incorrect or incomplete information . . . .
    (7)    You did not receive notice of the determination or decision.
    . . .
    (9)    Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section . . . .

[10] In her reply, plaintiff argues that her "severe mental impairments" were overlooked with respect to establishing good cause. (DE 9-1, Brief, p. 2) The ALJ did, in fact, find that plaintiff had several "severe impairments," including: depression, bipolar disorder, and a personality disorder. (DE 5, ¶ 3, p. 12) However, there is nothing in plaintiff's letter to counsel (DE 5, p. 116) to support the conclusion that any of these alleged mental issues had anything whatsoever to do with her failure to appear at the hearing.

hearing. In short, plaintiff claims that she copied wrote the address down incorrectly, that she got lost, and she was unable to find anyone to give her directions until three hours later when she went to the SSA office. Copying the address incorrectly and getting lost do not constitute "good cause." *See e.g., Blanton*, 2004 WL at \*\* 1-2; *see also Young v. Astrue*, 2010 WL 2891501 \* 2 (W.D. Pa. Jul. 21, 2010)(faulty directions and getting lost do not constitute good cause).

For the reasons explained above, substantial evidence exists in the record to support the conclusion that the ALJ did not err in determining that plaintiff failed to show "good cause" to excuse her absence from the hearing. Accordingly, this argument is without merit.

### c. Whether the ALJ Violated Plaintiff's Due Process Rights in Conducting the Hearing in Plaintiff's Absence

The Fifth Amendment to the United States Constitution prohibits the state from depriving any person of "life, liberty, or property, without due process of law . . . ." *U.S.Const.* amend. V. The Fourteenth Amendment to the United States Constitution also prohibits states from "depriv[ing] any person of life, liberty, or property without due process of law . . . ." *Id*. amend. XIV, § 1. Due process has a procedural component and a substantive one. *See Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 546 (6th Cir. 2012)(citing *Midkiff v. Adams Cnty. Reg'l. Water Dist.*, 409 F.3d 758, 762 (6th Cir. 2005)(citations omitted)). The two are distinct from one another because they have different objectives. The procedural due process component, unlike its substantive counterpart, does not require that the government refrain from making a substantive choice to infringe on a person's life, liberty, or property interest – it simply requires that the government provide "due process" before making such a decision. *Id.* (Citing *Eidson v. State of Tennessee Dept. Of Children's Services*, 510 F.3d 631, 635 (6th Cir. 2007)(citations omitted)). The touchstone of procedural due process is the fundamental requirement that an individual have the opportunity to

13

be heard "in a meaningful manner." *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)(citing *Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th Cir. 1983), *aff'd*, 470 U.S. 532 (1985)).

Plaintiff makes the following statement with respect to the due process component of this claim:

> The courts have recognized that the concept of due process principles apply to SSA proceedings and that due process requires that SSA disability claimants be given the opportunity to be heard before an ALJ before a claim for disability be denied.

(DE 7-1, p. 4) Inasmuch as none of the claims in this action pertain to the actual denial of benefits, and given that the claims all refer to alleged procedural defects, it is apparent that plaintiff's due process claim is a procedural and not a substantive in nature.

Due process principles apply to Social Security proceedings. *Ferriell v. Comm'r of Soc. Sec.*, 614 F.3d 611, 620 (6th Cir. 2010)(citing *Perales v. Richardson*, 402 U.S. 389, 401-02 (1971)). The Sixth Circuit has found that HALLEX provides due process. *See Robinson v. Barnhart*, 2005 WL 513492 at * 5 (6th Cir. Mar. 3, 2005); *Adams v. Massanari*, 2003 WL 173011 at * 4-8 (6th Cir. Jan. 23, 2003). In other words, if the ALJ follows the HALLEX procedures, then plaintiff is accorded her procedural due process rights. If the ALJ does not follow the HALLEX procedures, then plaintiff may establish a colorable claim that her procedural due process rights were violated.

For the reasons discussed, *supra*, there is substantial evidence that the ALJ complied with the HALLEX procedures in conducting the hearing in plaintiff's absence, and in determining that plaintiff did not show "good cause" for her failure to appear. Because the ALJ complied with the HALLEX procedures, plaintiff's due process rights were not violated. Therefore, this argument is without merit.

### 2. Whether the ALJ Erred in Not Ruling that Plaintiff Was a Non-essential Witness
### (DE 7, Brief, ¶ B, p. 5)

Plaintiff argues next that the ALJ erred in not determining that plaintiff was an "essential witness" as required under HALLEX I-2-4-25. Plaintiff supports her argument citing an unpublished 2000 9th Circuit case, *Averill v. Apfel*, 2000 WL 890889 (N.D. Cal. June 28, 2000) which, in turn cites another 9th Circuit case, *McNatt v. Apfel*, 201 F.3d 1084 (9th Cir. 2000).

*McNatt* stands for the proposition that, under I-2-4-25(D), the ALJ is required to determine whether the claimant is an essential witness if "claimant's representative appears at a scheduled hearing without the claimant. *Id*. at 1088. The hearing at issue in *McNatt* was held on December 17, 1996. *Id*. at 1086. As previously established, *supra* at p. 2, the hearing at issue in this case was held on May 14, 2010 , and the ALJ issued his decision denying plaintiff's applications for benefits on August 11, 2010. In other words the actions that give rise to this particular claim all occurred in 2010.

The Commissioner has provided evidence that HALLEX I-2-4-25 was updated on July 22, 2005. (DE 8, Ex. 1) This later version of HALLEX I-2-4-25 governed the proceedings at the hearing at issue, not the version in *McNatt*. A plain reading of the 2005 version of HALLEX I-2-4-25 shows that <u>no</u> requirement existed at the times relevant to this action that the ALJ make a determination that claimant was a "nonessential witness" before proceeding with the hearing.

For the reasons explained above, substantial evidence supports the conclusion that the ALJ did not err in not determining that claimant was a "nonessential witness." Moreover, because the ALJ complied with the current version of HALLEX I-2-4-25, plaintiff also cannot establish that the ALJ violated her procedural due process rights. Accordingly, this claim is without merit.

### 3. Whether the ALJ Erred in not Calling a Medical Expert To Testify at the Hearing
### (DE7, Brief, ¶ D, p. 6)

Plaintiff argues lastly that the ALJ erred in not having a medical expert available to testify

about plaintiff's "consistently low GAF scores of 45" with respect to which the VE testified he "was not qualified to comment." (DE 7, Brief, ¶ D, p. 6)

A GAF[11] score is "a subjective determination that represents the clinician's judgment of the individual's overall level of functioning." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 276 (6th Cir. 2009)(internal quotation marks and citation omitted). A GAF score is not dispositive in and of itself, rather it is significant only to the extent that it elucidates an individual's underlying mental issues. *Id*. at 284; *see also* 65 Fed.Reg. §§ 50746, 50764–65 (2000)("The GAF scale . . . does not have a direct correlation to the severity requirements in our mental disorders listings."). Although a GAF score "may be of considerable help to the ALJ in formulating the RFC . . . it is not essential to the RFC's accuracy." *Howard v. Commissioner of Social Sec*. 276 F.3d 235, 241 (6th Cir. 2002)(the ALJ's failure to refer to GAF score did not make his RFC analysis unreliable)). In other words, a GAF score is not "raw medical data" and, as such, GAF scores cannot establish mental functioning unsupported by substantial evidence." *See Kennedy*, 247 Fed.Appx. at 766; *see also DeBord v. Commissioner of Social Security*, 211 Fed.Appx. 411 (6th Cir. 2006). Indeed, the ALJ is "not required to consider . . . GAF scores." *Keeler v. Comm'r of Soc. Sec.*, 2013 WL 133557 * (6th Cir. Jan. 11, 2013)(citing *Howard*, 276 F.3d at * 1)).

The law is well established that the ALJ has the responsibility for ensuring that every claimant receives a full and fair hearing. *See Wright-Hines v. Comm'r Soc. Sec.*, 597 F.3d 392, 397 (6th Cir. 2010)(citing *Lashley v. Sec'y of H.H.S.*, 708 F.2d 1048, 1051 (6th Cir.1983)(internal citations omitted)). The ALJ has discretion, however, in determining whether or not to elicit testimony from

---

[11] The GAF scale is a method of considering psychological, social, and occupational function on a hypothetical continuum of mental health. The GAF scale ranges from 0 to 100, with serious impairment in functioning at a score of 50 or below. Scores between 51 and 60 represent moderate symptoms or a moderate difficulty in social, occupational, or school functioning, whereas scores between 41 and 50 represent serious symptoms or serious impairment in these areas. *See Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed.1994).

a medical expert. *Se*e 20 C.F.R. § 404.1527(e)(2)(iii)("[ALJs] may also ask for and consider opinions from medical experts . . . ."). The regulation providing for medical expert testimony is not mandatory. *Simpson v. Comm'r Soc. Sec.,* 2009 WL 2628355 * 8 (6th Cir. Aug. 27, 2009)(citing *Davis v. Chater*, 1996 WL 732298 * 2 (6th Cir. Dec. 19, 1996)(holding that 20 C.F.R. § 404.1527 "specifically give[s] the ALJ discretion to decide whether to call a medical expert [and] the ALJ's failure to call a medical expert . . . does not prevent this court from finding that substantial evidence supports the ALJ's decision . . . ."). An ALJ abuses his discretion only when the testimony of a medical expert is "required for the discharge of the ALJ's duty to conduct a full inquiry into the claimant's allegations." *See* 20 CFR § 416.1444; *see also Turner v. Astrue*, 2011 WL 4436577 (N.D. Ohio, Sept. 23, 2011).

HALLEX I-2-5-34(b), 1994 WL 637370 requires the ALJ to obtain the testimony of a medical expert "[t]o evaluate and interpret background medical test data." *Id*. (citing HALLEX I-2-5-14.D, 1992 WL 601806, *Medical Test Data*). "Background medical test data" that pertain to psychological issues include, for example, "'raw' test data such as answer sheets or drawings." HALLEX I-2-5-14.D. Plaintiff's GAF scores did not constitute "background medical test data," rather, as noted *supra* at p. 16, the scores reflect a clinician's <u>subjective</u> opinion of a claimant's overall level of functioning. For these reasons, the ALJ was not required to have a medical expert interpret the GAF scores.

For the reasons explained above, there is substantial evidence that the ALJ did not err in not having a medical expert interpret plaintiff's GAF scores. Moreover, because the ALJ followed the provisions of HALLEX I-2-5-14.D, plaintiff cannot establish that the ALJ violated her procedural due process rights in not having a medical expert available to do so. This claim is without merit.

## V. CONCLUSION

None of plaintiff's claims have merit. Moreover, the ALJ applied the proper legal standards in his decision, and his findings of fact, conclusions of law, and final determination are supported by substantial evidence in the record.

## Vi. RECOMMENDATION

For the reasons explained above, the undersigned **RECOMMENDS** that plaintiff's Motion (DE 7) be **DENIED**, and the Commissioner's decision be **AFFIRMED**.

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 5th day of June, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge